#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLES FLESHMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-2514-JAR |
| | ) | |
| v. | ) | |
| | ) | |
| DARA'S FAST LANE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

#### JOINT PROPOSED PROTECTIVE ORDER

To ensure and maintain the confidentiality of certain financial information, personnel information and records regarding Defendant, Plaintiffs, and persons who are not parties to this action, including personnel files, compensation and payroll information, and similar confidential records, produced by Plaintiffs or Defendant in response to pretrial discovery requests, and information and records utilized by the parties in these proceedings, and for good cause shown, it is hereby ORDERED:

1. This Protective Order shall govern any document or other discovery material marked or otherwise designated as "Confidential" by counsel including the parties' financial, compensation and payroll information, any information or records from the personnel file of current or former employees of Defendant, or from any other file that names or otherwise identifies any current or former employee of Defendant, and similar confidential records which document or material is produced in response to any discovery requested or obtained by Plaintiffs in the above-captioned case.

2. If a question arising at a deposition calls for an answer containing Confidential information, or the question contains Confidential information, counsel for the party with the interest in protecting such Confidential information shall, within 30 days after the receipt of the transcript thereof, notify all Counsel of record that the information provided in such answer or question is considered Confidential and that the transcript, or portion thereof reflecting such information shall be subject to the provisions of this Protective Order.

3. It is understood by Plaintiffs and Defendant that all such Confidential documents, and the information contained in such documents, produced by Plaintiffs or Defendant, are confidential.

4. The inadvertent failure to designate a document "Confidential" does not constitute a waiver of such claim, and a party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order.

5. All such Confidential documents, and the information contained in such documents, produced by Plaintiffs or Defendant shall be treated as confidential by Plaintiffs and Defendant, and all persons covered by this Protective Order, and shall be used solely for the prosecution of this action. No such document, and no information contained in any such document, produced by Plaintiffs or Defendant shall be disclosed by Plaintiffs or Defendant or anyone on Plaintiffs' or Defendant's behalf, in any manner whatsoever, except as provided herein.

6. Confidential Information may not be used or disclosed except as provided in this Protective Order. Confidential Information may only be copied, disclosed, disseminated, discussed, or inspected, in whole or in part, for purposes of this lawsuit and only by the following persons:

    (a) the parties in this lawsuit;

    (b) counsel representing any party in this lawsuit and counsel's employees;

    (c) the author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed;

    (d) deponents incident to their depositions in this lawsuit;

    (e) witnesses in any hearing, trial, or other court proceeding in this lawsuit;

    (f) experts and consultants, and their staff, retained by a party, or a party's counsel, to assist in the preparation and trial of this lawsuit;

    (g) the Court and any persons employed by the Court working on this lawsuit;

    (h) court reporters, including stenographers and video technicians;

    (i) any other person who the parties stipulate in writing may have access to Confidential Information.

7. Disclosure shall not be made of any such Confidential documents to any individual (except for counsel and support staff) unless and until Plaintiffs/Defendant or counsel for

Plaintiffs/Defendant shall have first presented to such individual a copy of this Protective Order and the Declaration of Compliance attached as Exhibit 1 hereto. All such persons shall execute a copy of the Declaration of Compliance prior to receipt of any Confidential documents and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of this Protective Order.

8. Except as provided in paragraphs 9 and 10, for purposes of pleadings, briefs, or any other documents to be filed with the Court that contain Confidential documents, or information contained in such documents, the party seeking to file confidential information must first file a motion with the Court and be granted leave to file the document(s) under seal.

9. Plaintiffs and Defendant may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent must be mutual and shall be confirmed in writing by counsel for Plaintiffs and Defendant.

10. Nothing contained herein shall prevent a party from contesting an opposing party's designation of certain information as Confidential. If either Plaintiffs or Defendant objects to the designation of any information as Confidential, or otherwise considers a document designated as Confidential not to be Confidential and desires the removal of such designation, counsel for Plaintiffs and Defendant shall discuss the matter to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

11. The parties agree to a "clawback" provision regarding claims of privilege or protection as trial-preparation material asserted after production of any such documents. If the disclosing party inadvertently produces privileged or trial-preparation materials, it/he must notify the requesting party of such disclosure. After the requesting party is notified, it must return, sequester, or destroy all information and copies and may not use or disclose this information until the claim or privilege as trial materials is resolved.

12. It is understood that no copies shall be made of Confidential documents produced by

Plaintiffs or Defendant, unless necessary in connection with this litigation. It is further understood that upon completion of the litigation only one copy of any Confidential documents may be retained by opposing counsel and that the provisions of this Agreement shall remain in effect after the termination of this matter unless otherwise agreed by the parties in writing or pursuant to Court Order.

13. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protective Order, unless required by law or Court Order.

14. Entering into, agreeing to and/or producing or receiving documents designated "Confidential" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular document contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or prejudice any party from seeking additional protection regarding any particular document or information deemed by a party to be "Confidential";

    (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    (d) prejudice in any way the rights of a party to seek a determination by the Court whether any document should be subject to the terms of this Protective Order;

    (e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential or privileged information; or

    (f) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document.

15. If either party to this action receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information covered by this Protective Order, then that party shall, under authority of this Protective Order, decline to produce the Confidential Information, and shall within 7 days of receiving the subpoena

or other document request give written notice to the party producing the Confidential Information in this case, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

16.     The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

Dated  March 26, 2008

s/ David J. Waxse
David J. Waxse

United States Magistrate Judge

**EXHIBIT 1**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLES FLESHMAN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 07-2514-JAR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DARA'S FAST LANE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

I have read the Protective Order entered in this case, a copy of which has been given to me.

I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

Further, I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 2008, at _____.

_____
Signature